## THE STATE v. GEORGE RAIRORF.

Submitted December 9, 1899—Decided February 26, 1900.

When an unlicensed vendor sells liquor, either to an adult or to a minor, his offence consists wholly in the unlawful sale, and for such sale the indictment must, under section 74 of the act of 1898 (*Pamph. L.*, *p.* 894), be for the sale of intoxicating liquor contrary to law and not for keeping a disorderly house. The indictment may be for keeping a disorderly house when the vendor's premises become a place of common resort, where persons are furnished with liquor and become intoxicated

In error to the Salem Quarter Sessions.

Before MAGIE, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

For the state, *Jonathan W. Acton,* prosecutor of the pleas.

For the defendant, *Louis H. Miller.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The entire record, which is brought up by the writ of error in this case under the act of 1898 (*Pamph. L., p.* 915, § 136), shows that an indictment containing three counts for the sale of liquor without license and one count for keeping a disorderly house was found by the grand jury of the county of Salem against the defendant.

To the counts charging the illegal sale of liquor, the defendant pleaded guilty, and not guilty to the charge of keeping a disorderly house.

The defendant claims that he suffered manifest wrong and injury upon his trial for keeping a disorderly house, for which the judgment against him should be reversed.

The court charged the jury that "if the defendant permitted minors to come there and drink spirituous liquor, then he was guilty of keeping a disorderly house."

Section 100 of the "Act concerning intoxicating liquors" (*Gen. Stat., p.* 1805) provides "that no inn, tavern, hotel, victualing house or saloon keeper, or any other person licensed to sell any strong or spirituous liquors or wines within said city, shall sell or give away any such liquors or wines to any apprentice or to any minor under the age of eighteen years, knowing or having reason to believe him to be such, under a penalty of ten dollars for each offence."

This provision applies only to licensed dealers in cities and cannot affect the defendant, who was without license.

The sale of liquor without license, whether sold to an adult or a minor, constitutes an offence consisting wholly of

the unlawful sale, and for such sale the indictment cannot, under section 74 of the act of 1898 (*Pamph. L., p.* 894), be for keeping a disorderly house, but must be for the sale of liquor contrary to law. The mere sale to minors, and the fact that it is drank on the premises, does not constitute the crime of keeping a disorderly house. It must appear that persons to whom liquor is so sold are permitted to remain drinking upon the premises until they are intoxicated or otherwise disorderly, or that they make the premises a place of common resort, where they are furnished with liquor and become intoxicated.

For this error in the charge of the court the judgment must be reversed.